**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SATICOY BAY, LLC SERIES 6709 BRICK HOUSE, *et al.*,<br><br>Defendants. | Case No. 2:15-cv-01852-APG-PAL<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>(ECF Nos. 30, 32, 47, 63, 80, 85, 88) |

This is a dispute over property located at 6709 Brick House Avenue in Las Vegas. Plaintiff Carrington Mortgage Services, LLC held a senior deed of trust encumbering the property and intends to foreclose because the former owner has stopped making mortgage payments. However, defendant Cactus Springs at Fairfax Village Homeowners Association previously foreclosed on a homeowners association ("HOA") lien after the property owners did not pay their HOA assessments. Defendant Saticoy Bay, LLC Series 6709 Brick House purchased the property at the HOA foreclosure sale. Carrington seeks to quiet title to the property, contending that the HOA foreclosure sale did not extinguish its deed of trust.

In its complaint, Carrington seeks declaratory relief that the HOA sale did not extinguish the deed of trust and Carrington thus seeks to quiet title against Saticoy Bay. Carrington also asserts claims for unjust enrichment, tortious interference with contractual relations, bad faith under Nevada Revised Statutes ("NRS") § 116.1113, and wrongful foreclosure against Cactus Springs and its agent, defendant Hampton & Hampton, LLC. Saticoy Bay counterclaimed against Carrington and filed cross-claims for misrepresentation and unjust enrichment against Cactus Springs and Hampton based on their alleged failure to advise bidders like Saticoy that Carrington's predecessor had tendered the super priority amount.

////

Defendants Cactus Springs and Hampton move to dismiss Carrington's claims against them, arguing that Carrington's claims were not first submitted to mediation under NRS § 38.310. Carrington responds that § 38.310 does not apply to its claims. Because Carrington's claims against Cactus Springs and Hampton were not first submitted to mediation as § 38.310 requires, I dismiss those claims.

Hampton also moves to dismiss Saticoy's cross-claims against it on the same grounds. Saticoy responds that § 38.310 does not apply to its cross-claims. Cactus Springs did not move to dismiss on these grounds, but it stated in its answer that the cross-claims should be dismissed because they were not submitted to mediation as required under § 38.310. Because Saticoy's claims against Cactus Springs and Hampton were not first submitted to mediation as § 38.310 requires, I dismiss those claims as well.

## I. BACKGROUND

Robert and Teresa Christie were the owners of the property. ECF No. 1-1. The property was encumbered by a deed of trust that eventually was transferred to Carrington. ECF Nos. 1-1, 1-2, 1-3. In October 2011, Cactus Springs, through its agent, Hampton, filed a notice of default and election to sell because the Christies failed to pay HOA assessments. ECF No. 1-4. In December 2011, Hampton advised Carrington's predecessor, Bank of America, that the payoff amount for the lien was $281.25. ECF Nos. 1 at 4; 1-5. The next month, Bank of America tendered $281.25 to Hampton to pay off the super priority lien. ECF Nos. 1 at 4; 1-6.

More than two years later, Hampton filed a second notice of default and election to sell on Cactus Springs' behalf. ECF No. 1-7. In April 2015, Hampton filed a notice of trustee's sale. ECF No. 1-9. The notice of sale referred back to a notice of delinquent assessment dated September 20, 2011. *Id.* The property was sold in June 2015 to Saticoy Bay for $81,200.00. ECF No. 1 at 5.

Carrington filed suit in this court to quiet title against Saticoy Bay. Carrington also asserts against Cactus Springs and Hampton claims for unjust enrichment, tortious interference with contractual relations, bad faith under NRS § 116.1113, and wrongful foreclosure. Cactus Springs

1  moves to dismiss the claims against it.  Cactus Springs argues the tortious interference claim must
2  be dismissed with prejudice because there is no allegation that Cactus Springs intended to induce
3  the Christies to breach the contract with Carrington.  Cactus Springs argues the remaining claims
4  must be dismissed because Carrington did not first submit them to mediation under § 38.310.

5  Carrington responds that its claims do not depend on the covenants, conditions, and
6  restrictions ("CC&Rs") adopted by Cactus Springs and thus § 38.310 does not apply.  Carrington
7  also argues § 38.310 applies only to claims by a homeowner against the HOA.  Alternatively,
8  Carrington requests a stay rather than dismissal of these claims.  As to its tortious interference
9  claim, Carrington asserts that it need not allege Cactus Springs intended to induce the Christies to
10 breach the contract.  Instead, Carrington argues, it need allege only that Cactus Springs engaged
11 in intentional acts intended or designed to disrupt the contractual relationship.

12 Hampton also moves to dismiss Saticoy's claims against it, arguing those claims must first
13 be mediated under § 38.310.  Saticoy responds that § 38.310 does not apply because its claims are
14 based on Cactus Springs and Hampton's failure to notify Saticoy that the super priority amount
15 had been tendered, and that will not require interpreting the CC&Rs.

16 **II. ANALYSIS**

17 In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken
18 as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v.*
19 *Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  However, I do not necessarily
20 assume the truth of legal conclusions merely because they are cast in the form of factual
21 allegations in the plaintiff's complaint.  *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-
22 55 (9th Cir. 1994).  A plaintiff must make sufficient factual allegations to establish a plausible
23 entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations
24 must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a
25 cause of action." *Id.* at 555.
26 / / / /
27 / / / /
28

**A. Carrington's Claims**

Carrington's claims for bad faith, wrongful foreclosure, and unjust enrichment must be dismissed because they were not first submitted to mediation as required under § 38.310. *See U.S. Bank, N.A. v. Woodchase Condo. Homeowners Ass'n*, No. 2:15-cv-01153-APG-GWF, 2016 WL 1734085, at *2-3 (D. Nev. May 2, 2016); *Nationstar Mortg., LLC v. Sundance Homeowners Ass'n, Inc.*, No. 2:15-cv-01310-APG-GWF, 2016 WL 1259391, at *3 (D. Nev. Mar. 30, 2016); *see also Nationstar Mortg., LLC v. Springs at Spanish Trail Ass'n*, No. 2:15-cv-01217-JAD-GWF, 2016 WL 1298106, at *3-4 (D. Nev. Mar. 31, 2016).

The Supreme Court of Nevada has determined that claims under § 116.1113 are "civil actions" within § 38.310's scope because such claims "require[ ] the district court to interpret regulations and statutes that contain[ ] conditions and restrictions applicable to residential property." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 558 (Nev. 2013) (en banc). I therefore dismiss Carrington's § 116.1113 bad faith claim pursuant to § 38.310.

Additionally, Carrington's wrongful foreclosure claim must be dismissed because it is based on the allegation that Cactus Springs and Hampton accepted tender of the super priority amount but foreclosed anyway. This allegation challenges the HOA's enforcement of its lien through Chapter 116. As *McKnight* held, "[w]rongful foreclosure is a civil action subject to NRS 38.310's requirements because deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions, or restrictions applicable to residential property." 310 P.3d at 559. Accordingly, I dismiss Carrington's wrongful foreclosure claim under § 38.310.

Finally, Carrington's unjust enrichment and tortious interference claims are based on the same allegation that the HOA did not properly foreclose after accepting tender of the super priority amount. These claims thus rely on the premise that Cactus Springs did not properly foreclose under Chapter 116. Accordingly, they are also dismissed.

Carrington's reliance on *Southern Highlands Community Association v. Eighth Judicial District Court of State ex re. County of Clark* is misplaced. In that case, the Supreme Court of

Nevada stated that if a party "does not dispute the validity or amount of an association's lien or the monthly assessment derived from the association's periodic budget, then no resort to the CC&Rs is necessary and the matter may proceed in the district court." No. 61940, 2014 WL 5840129, at *4 (Nev. Nov. 10, 2014). *Southern Highlands* gave as an example of this situation a case where there is "no challenge . . . to the association's budget or assessments or the validity or amount of its lien, " and the case involves "tabulating the statutorily mandated superpriority amount, or determining the statutory effect of the various lien priorities subsequent to a foreclosure." *Id.* at *4 n.6. Such a case "would generally not involve interpreting the CC&Rs," and thus would not be subject to § 38.310. *Id.*

Carrington contends that because Hampton identified the undisputed super priority amount and Carrington's predecessor paid that amount, there is no need to resort to the CC&Rs under *Southern Highlands*. However, Carrington's claims against Cactus Springs and Hampton go beyond calculating the super priority amount or determining lien priority. Carrington asserts claims for bad faith and wrongful foreclosure, two claims the Supreme Court of Nevada has identified as falling within § 38.310's purview. Carrington's other claims rely on the same allegations that the foreclosure was wrongful. Carrington's claims thus must first be mediated under § 38.310.

Carrington requests that I stay these claims rather than dismiss them. However, § 38.310(2) requires dismissal. I therefore dismiss Carrington's claims for bad faith, wrongful foreclosure, unjust enrichment, and tortious interference against Cactus Springs and Hampton.

**B. Saticoy's Claims**

I dismiss Saticoy's claims for the same reasons. Although Saticoy argues that its claims will not require interpretation of the CC&Rs, Saticoy admits that its claims arise from "the extinguishment of [Carrington's] subordinate deed of trust . . . based on the statutory provisions in NRS Chapter 116 . . . ." ECF No. 50 at 6. In *McKnight*, the Supreme Court of Nevada made clear that "civil actions" within § 38.310's scope include claims that "require[ ] the district court

////

to interpret regulations and statutes that contain[ ] conditions and restrictions applicable to residential property," not just the CC&Rs adopted by the HOA. 310 P.3d at 558.

Saticoy's claims thus "relat[e] to . . . [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property. . . ." *Id.* § 38.310(1)(a); *see also McKnight*, 310 P.3d at 558. This is borne out by the parties' summary judgment briefing. In its summary judgment motion, Hampton argues that Saticoy's misrepresentation claim fails because "nothing in NRS Chapter 116" requires Hampton to disclose the super priority payoff. ECF No. 63 at 12 n2. In its motion, Cactus Springs argues that it is not liable, in part, because it conveyed title to Saticoy "without warranty express or implied" as required under NRS § 116.31164(3)(a).[1] ECF No. 85 at 13. In response, Saticoy argues that Cactus Springs and Hampton failed to include information about the super priority payoff in the second notice of default and election to sell or in the notice of trustee's sale. ECF No. 98 at 8; *see also id.* at 10 ("The fraud by omission exists because Cactus Springs and Hampton . . . recorded additional notices and conducted a public auction that gave bidders no reason to believe that the lien being foreclosed might not include a superpriority amount."). The recorded documents, and what is required to be in them, are governed by NRS Chapter 116. *See* Nev. Rev. Stat. § 116.31162.

I therefore grant Hampton's motion to dismiss. Although Cactus Springs did not separately move to dismiss on this basis, I nevertheless dismiss Saticoy's claims against the HOA as well. Cactus Springs raised the defense in its answer to Saticoy's cross-claim and § 38.310 requires dismissal.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that defendant Cactus Springs at Fairfax Village Homeowners Association's motion to dismiss **(ECF No. 30) is GRANTED**. Plaintiff Carrington

---

[1] Cactus Springs' citation refers to NRS § 116.31164(3)(a) as it existed at the time of the HOA foreclosure sale in June 2015.

1  Mortgage Services, LLC's claims against defendant Cactus Springs at Fairfax Village
2  Homeowners Association are dismissed without prejudice.
3      IT IS FURTHER ORDERED that defendant Hampton & Hampton, LLC's motion to
4  dismiss **(ECF No. 32) is GRANTED**.  Plaintiff Carrington Mortgage Services, LLC's claims
5  against defendant Hampton & Hampton, LLC are dismissed without prejudice.
6      IT IS FURTHER ORDERED that defendant Hampton & Hampton, LLC's motion to
7  dismiss **(ECF No. 47) is GRANTED**.  Cross-claimant Saticoy Bay LLC Series 6709 Brick
8  House's cross-claims against defendants Hampton & Hampton, LLC and Cactus Springs at
9  Fairfax Village Homeowners Association are dismissed without prejudice.
10     IT IS FURTHER ORDERED that defendant Hampton & Hampton, LLC's motion for
11 summary judgment **(ECF No. 63) is DENIED** as moot.
12     IT IS FURTHER ORDERED that the stipulation for extension of time **(ECF No. 80) is**
13 **DENIED** as moot.
14     IT IS FURTHER ORDERED that defendant Cactus Springs at Fairfax Village
15 Homeowners Association's motion for summary judgment **(ECF No. 85) is DENIED** as moot.
16     IT IS FURTHER ORDERED that defendant Cactus Springs at Fairfax Village
17 Homeowners Association's motion for summary judgment **(ECF No. 88) is DENIED** as moot.
18     DATED this 25th day of July, 2016.

                ANDREW P. GORDON
                UNITED STATES DISTRICT JUDGE