|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | DISTRICT OF NEVADA | |
| CARRINGTON MORTGAGE SERVICES, LLC, | | Case No.: 2:15-cv-01852-APG-PAL |
| Plaintiff | | **Order (1) Granting Plaintiff's Motion for Summary Judgment and (2) Denying Defendant's Motion for Summary Judgment** |
| v. | | |
| SATICOY BAY, LLC SERIES 6709 BRICK HOUSE, et al., | | **[ECF Nos. 124, 128]** |
| Defendants | | |

This is a dispute over property located at 6709 Brick House Avenue in Las Vegas, Nevada. Plaintiff Carrington Mortgage Services, LLC intends to foreclose on its deed of trust encumbering the property because the former owner has stopped making mortgage payments. However, defendant Cactus Springs at Fairfax Village Homeowners Association previously foreclosed on its homeowners association (HOA) lien after the property owners did not pay their HOA assessments. Defendant Saticoy Bay, LLC Series 6709 Brick House purchased the property at the HOA foreclosure sale. Carrington seeks to determine adverse interests in the property, contending that the HOA foreclosure sale did not extinguish its deed of trust. Saticoy counterclaims to quiet title in itself.[1]

Carrington and Saticoy each move for summary judgment. I grant Carrington's motion and deny Saticoy's motion because no genuine dispute remains that Carrington's predecessor tendered the superpriority amount prior to the HOA foreclosure sale. Consequently, Saticoy purchased the property subject to Carrington's deed of trust.

---

[1] I previously dismissed Carrington's claims and Saticoy's cross-claims against defendants Cactus Springs at Fairfax Village Homeowners Association and Hampton & Hampton, LLC. ECF No. 102.

## I. BACKGROUND

Robert and Teresa Christie are the prior owners of the property. ECF No. 1-1. The property was encumbered by a deed of trust that eventually was transferred to Carrington. ECF Nos. 124-1, 124-3, 124-4. On September 20, 2011, Cactus Springs, through its agent Hampton & Hampton, LLC, sent a notice of delinquent assessment lien to the Christies because the Christies failed to pay HOA assessments. ECF Nos. 124-7 at 4; 127-6. In October 2011, Hampton recorded a notice of default and election to sell. ECF No. 124-5. In December 2011, Hampton advised Carrington's predecessor, Bank of America, that the payoff amount for the superpriority lien was $281.25. ECF No. 124-6 at 11-12. The next month, Bank of America paid $281.25 to Hampton for the superpriority lien. ECF Nos. 124-6 at 6; 124-8.

More than two years later, Hampton recorded a second notice of default and election to sell on Cactus Springs' behalf. ECF Nos. 124-7 at 5; 124-9. In April 2015, Hampton recorded a notice of trustee's sale. ECF No. 124-11. The notice of sale referred back to the notice of delinquent assessment dated September 20, 2011. *Id.* The property was sold in June 2015 to Saticoy for $81,200.00. ECF No. 124-12.

## II. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence

of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

Here, no genuine dispute remains that Carrington's predecessor paid the superpriority amount in full. The superpriority lien therefore was extinguished, and Saticoy took title to the property subject to the deed of trust. *Id.* at 121.

Saticoy raises several arguments as to why the deed of trust nevertheless should be extinguished. First, it argues that it is a bona fide purchaser for value. However, a "party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void," and a "foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default." *Id.* Consequently, Saticoy's status as a bona fide purchaser is irrelevant.

/ / / /

Saticoy next argues that even if the tender extinguished the superpriority lien related to the first notice of default, the HOA filed a second notice of default in 2014 and the HOA foreclosure sale was based on this second notice. Nevada Revised Statutes § 116.3116 "does not limit an HOA to one lien enforcement action or one superpriority lien per property forever." *Prop. Plus Investments, LLC v. Mortg. Elec. Registration Sys., Inc.*, 401 P.3d 728, 731 (Nev. 2017) (en banc). "Therefore, when an HOA rescinds a superpriority lien on a property, the HOA may subsequently assert a separate superpriority lien on the same property based on monthly HOA dues, and any maintenance and nuisance abatement charges, accruing after the rescission of the previous superpriority lien." *Id.* at 731-32. "But to trigger a new superpriority lien, the HOA must commence a new enforcement action" by either "completing a prior enforcement action through foreclosure" or "recording a rescission of a prior lien." *Nationstar Mortg. LLC v. Saticoy Bay LLC Series 8920 El Diablo*, No. 2:16-cv-00751-JCM-VCF, 2018 WL 1770127, at *6 (D. Nev. Apr. 12, 2018) (citing *Prop. Plus Investments, LLC*, 401 P.3d at 731-32).

Here, the HOA never rescinded the September 2011 notice of lien, and the second notice of default states that is based on the September 2011 notice of lien. Carrington's predecessor had already paid off the superpriority portion of that lien. The filing of a second notice of default based on the same notice of lien did not trigger a new superpriority lien.

Finally, Saticoy argues that under the Restatement (Third) of Property: Mortgages, tender by a junior lienholder results in subrogation, not extinguishment of the superpriority lien. Saticoy further develops this argument in its reply brief, arguing that the Supreme Court of Nevada's decision in *Bank of America* conflicts with the Restatement (Third) of Property: Mortgages and is otherwise an incorrect interpretation of Nevada law, and, as a result, Carrington was required to record its tender. However, it is the role of the Supreme Court of

4

Nevada, not this court, to determine Nevada law. *Rudin v. Myles*, 781 F.3d 1043, 1054 (9th Cir. 2015) (The Supreme Court of Nevada "is the final arbiter of Nevada state law."). The Supreme Court of Nevada has rejected the argument that tender of a superpriority lien has to be recorded. *Bank of Am., N.A.*, 427 P.3d at 119-20.

In its reply, Saticoy argues for the first time that (1) Bank of America insisted on a condition to tender that it was not entitled to impose, and (2) the HOA and its agent had a good faith basis to reject tender because it was unclear at the time whether the superpriority lien included collection costs and attorney's fees. Even if I considered these untimely arguments, they have no merit. The Supreme Court of Nevada rejected the first argument in a case involving identical language in the tender letter. *Compare* ECF No. 124-8 at 3 with *Bank of Am., N.A.*, 427 P.3d at 118. As for the second argument, the HOA and its agent accepted the tender. Moreover, Saticoy presents no evidence that the HOA and its agent took a position (in good faith or otherwise) on whether the superpriority lien included collection costs and attorney's fees. *See Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 430 P.3d 531, 2018 WL 6133935, at *1 (Nev. 2018) (rejecting a similar argument because "[e]ven if such a belief would provide a good-faith basis to reject the tender, the record contains no evidence indicating why the tender was rejected"). The evidence presented suggests that in fact the HOA's agent believed the superpriority lien had been satisfied. ECF No. 124-6 at 7.

In sum, no genuine dispute remains that the tender extinguished the superpriority lien, so Saticoy took title to the property subject to Carrington's deed of trust. I therefore grant Carrington's motion and deny Saticoy's motion.

////

////

## III. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Carrington Mortgage Services, LLC's motion for summary judgment **(ECF No. 124) is GRANTED** and defendant Saticoy Bay, LLC Series 6709 Brick House's motion for summary judgment **(ECF No. 128) is DENIED**. The clerk of court is instructed to enter judgment in favor of plaintiff Carrington Mortgage Services, LLC and against defendant Saticoy Bay, LLC Series 6709 Brick House as follows: It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on June 10, 2015 did not extinguish Carrington Mortgage Services, LLC's interest in the property located at 6709 Brick House Avenue in Las Vegas, Nevada, and thus the property is subject to the deed of trust.

IT IS FURTHER ORDERED that the clerk of court is instructed to close this case.

DATED this 20th day of May, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE